UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN STEPHEN LALONDE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 3:18CV548-PPS/MMG |
| UNITED STATES OF AMERICA, JEFFERSON SESSIONS, in his Official Capacity as Attorney General, and FEDERAL BUREAU OF INVESTIGATION, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Plaintiff John Stephen Lalonde was erroneously determined to be ineligible to purchase a firearm based on the National Instant Criminal Background Check System or NICS. He sought a declaratory judgment and an injunction to remedy the problem. But the mistake was later cleared up and his eligibility to purchase firearms re-established. [DE 21 at 3.] Based on that conclusion, I determined in an earlier order that Lalonde's claims challenging his background check and his prohibited person status are moot and must be dismissed for lack of subject matter jurisdiction. [*Id*. at 5.]

One piece of Lalonde's complaint was not mooted by the restoration of Lalonde's federal firearm eligibility, namely his request that he be issued a Unique Personal Identification Number or UPIN. As I explained in the previous order:

> [A] UPIN is the product of a successful application to be included in the Voluntary Appeal File maintained by the FBI's NICS Section. [DE 20-2 at 2.] The

> VAF is a process distinct from the type of appeal Lalonde complains he was denied. Applying for a UPIN and an entry in the VAF is done to allow the NICS to "maintain information" about the applicant "to prevent future extended delays or erroneous denials of a firearm transfer." [*Id.*]

[DE 21 at 8.] Lalonde wants a UPIN because he believes it would reduce the likelihood of delays or denials of any future NICS checks. [DE 1 at pp. 16, 21.] Because Lalonde's request for a UPIN is a claim not subject to the mootness conclusion that disposed of the rest of the case, I have treated the challenge to that remaining claim as one for summary judgment, in view of the defendants' reliance on the declarations of federal agents. [DE 21 at 9.] This approach is required by Fed.R.Civ.P. 12(d) where "on a motion under Rule 12(b)(6) or (12(c), matters outside the pleadings are presented and not excluded by the court."

As noted above, I granted the motion to dismiss all the other claims as moot and for lack of subject matter jurisdiction. But as to the claim for a UPIN, I granted Lalonde a month to file a memorandum in response to the defendant's motion for summary judgment on the claim, and allowed the defendants 14 days to file a reply. [DE 21 at 10.] Lalonde has not filed any opposition to summary judgment on the UPIN claim.

A motion for summary judgment has been described as the "put up or shut up" junction in a lawsuit. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 568 (7th Cir. 2017). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." Fed.R.Civ.P. 56(c). To defeat summary judgment by establishing a genuine dispute of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S 574, 586 (1986). Instead, "summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial," which means "sufficient evidence favoring the non-moving party to permit a trier of fact to make finding in [its] favor as to any issue for which it bears the burden of proof." *Grant*, 870 F.3d at 568.

The declaration of Brian Allen Barker, a Legal Administrative Specialist with the FBI, attests that Lalonde is not eligible for a UPIN because he has not submitted the necessary application to be included in the Voluntary Appeal File. [DE 20-2 at ¶4.] A VAF application requires descriptive and identifying information, background clarifying information "including court records or pardons," and a fingerprint card, all of which is subject to validation by the NICS Section. [*Id*. at ¶¶2-3.] Lalonde has not filed any opposition to the defendants' argument for summary judgment on the UPIN claim, and so has failed to dispute that he is not eligible for a UPIN. Without submitting an application and supportive qualifying information to this process, Lalonde does not establish any basis for the court to grant relief in the form of an order that defendants issue him a UPIN.

**ACCORDINGLY:**

That portion of defendants' Motion to Dismiss [DE 8] that has been construed as a motion for summary judgment on plaintiff John Stephen Lalonde's claim for the issuance of a UPIN is GRANTED.

The Clerk shall enter judgment against plaintiff and in favor of defendants, noting that summary judgment is granted against Lalonde on his claim for a UPIN and that all other claims are moot and therefore dismissed for lack of subject matter jurisdiction.

SO ORDERED.

ENTERED: March 25, 2019.

                                                /s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT